EXHIBIT "M"

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**12/21/2022** at 04:53:06 PM
Clerk of the Superior Court
By Mariejo Guyot, Deputy Clerk

John A. Mayers (CSB# 149149)
MULVANEY BARRY BEATTY LINN & MAYERS LLP
401 West A Street, 17th Floor
San Diego, CA 92101-7994
Telephone: 619-238-1010
Facsimile: 619-238-1981

Attorneys for Plaintiff, AZTEC PAVING, INC.

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| AZTEC PAVING, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRIDLEWOOD ESTATES PROPERTY OWNERS ASSOCIATION, a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 37-2022-00051058-CU-BC-CTL<br><br>**COMPLAINT FOR BREACH OF CONTRACT, COMMON COUNTS, AND FORECLOSURE ON MECHANIC'S LIEN**<br><br>**DEMAND AMOUNT: $123,617.00** |

Plaintiff AZTEC PAVING, INC., a California corporation ("Aztec Paving"), alleges as follows:

**GENERAL ALLEGATIONS**

1. Aztec Paving is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of California and is authorized to conduct business and is conducting business in San Diego County, California. Aztec Paving is a general contractor, licensed in the State of California, and is in good standing.

2. Aztec Paving is informed and believes, and thereon alleges, that Defendant BRIDLEWOOD ESTATES PROPERTY OWNERS ASSOCIATION ("Bridlewood") is, and

1
COMPLAINT FOR BREACH OF CONTRACT, COMMON COUNTS, AND FORECLOSURE ON MECHANIC'S LIEN

AZTE.103.1160044.1

at all times herein mentioned was, a corporation formed under the laws of the State of California, doing business in San Diego County, California.

3. Aztec Paving is informed and believes, and thereon alleges, that Defendant Bridlewood is the owner or reputed owner of real property located at Horizon Court and Twisted Branch Road, Poway, California 92064 ("the Subject Property").

4. Aztec Paving is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and, therefore, sues these Defendants by such fictitious names. Aztec Paving will amend this Complaint to allege their true names and capacities when ascertained. Aztec Paving is further informed and believes, and thereon alleges, that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged.

5. Aztec Paving is also informed and believes, and thereon alleges, that at all times herein mentioned, each Defendant was the agent, servant, and employee of each and every other Defendant and, in doing the acts herein alleged, was acting within the scope and pursuant to such agency and employment, or, alternatively, ratified, approved, and condoned the actions of each and every other Defendant. Further, each reference to a specifically named Defendant includes a reference to each and every fictitiously named Defendant.

## FIRST CAUSE OF ACTION

(Breach of Contract Against Defendant Bridlewood
and DOES 1 through 10, inclusive)

6. Aztec Paving incorporates the allegations contained in Paragraphs 1 through 5, inclusive, as though fully set forth herein.

7. On or about the fall of 2022, Aztec Paving and Defendant Bridlewood entered into an agreement for construction services that included asphalt repairs, temporary stripe, and blue markers ("Contract"). A true and correct copy of the Contract is attached hereto as **Exhibit "A"** and incorporated herein by reference. Pursuant to the

1  Contract, Aztec Paving agreed to furnish all labor, equipment, and material necessary to
2  construct and complete the site work at the Subject Property and Defendant Bridlewood
3  agreed to pay Aztec Paving the sum of $123,617.00 for Aztec Paving's services.

4      8.    Aztec Paving has at all times herein mentioned performed all the terms and
5  conditions on its part to be performed under the terms of the Contract.

6      9.    Aztec Paving has demanded that Defendant Bridlewood pay for the services
7  performed, but Bridlewood has breached the Contract by failing and refusing, without just
8  cause or excuse, to pay for all the services rendered to and accepted by Bridlewood.

9      10.    As a direct, proximate, and foreseeable result of the breach, Aztec Paving
10 has been damaged in an amount of at least $123,617.00, plus interest at the legal rate
11 from September 23, 2022, until paid.

12     11.    Aztec Paving has been required to retain the law firm of Mulvaney Barry
13 Beatty Linn & Mayers LLP to prosecute this action and will become liable to the firm for
14 legal fees and costs in an amount which is currently unknown. Therefore, Aztec Paving
15 is entitled to a further and additional sum as and for its attorneys' fees and costs incurred
16 in this action, and hereby requests an award of its attorneys' fees and costs.

## SECOND CAUSE OF ACTION

(Reasonable Value Against Defendants Bridlewood
and DOES 1 through 10, inclusive)

20     12.    Aztec Paving incorporates the allegations contained in Paragraphs 1
21 through 5, inclusive, as though fully set forth herein.

22     13.    Within the last year, in San Diego County, California, Aztec Paving provided
23 contracting services to Defendants at their special request, the reasonable value of which
24 Defendants then and there agreed to pay to Aztec Paving.

25     14.    At the time of the completion of the services to Defendants, the reasonable
26 value of the services for which Defendants have not paid was and is the sum of at least
27 $123,617.00.

15. Neither the whole nor any part of the above sum has been paid, and there is now due, owing and unpaid from Defendants, and each of them, to Aztec Paving the sum of $123,617.00, together with interest at the legal rate from September 23, 2022, until paid.

### THIRD CAUSE OF ACTION

(For Account Stated Against Defendants Bridlewood
and DOES 1 through 10, inclusive)

16. Aztec Paving incorporates the allegations contained in Paragraphs 1 through 5, inclusive, as though set forth in full.

17. Within the last year, in San Diego County, California, an account was stated in writing by and between Aztec Paving and Defendants, wherein it was agreed that Defendants were indebted to Aztec Paving in the principal sum of at least $123,617.00, plus accruing interest.

18. No part of said sum has been paid, although demand therefore has been made, and there is now due, owing, and unpaid from Defendants the principal sum of at least $123,617.00, plus accruing interest from September 23, 2022, until paid.

### FOURTH CAUSE OF ACTION

(To Foreclose on Mechanic's Lien Against all Defendants
and DOES 1 through 10, inclusive)

19. Aztec Paving incorporates the allegations contained in Paragraphs 1 through 18, inclusive, as though fully set forth herein.

20. Commencing in or about the fall of 2022, Aztec Paving furnished and supplied Defendant Bridlewood, at its special instance and request, contractor services in connection with that certain work of improvement now upon and located on the Subject Property. The agreed and reasonable value of said services unpaid, is the sum of at least $123,617.00, plus interest, and there is now due and owing to Aztec Paving, for and on account thereof, after deducting all just credits and offsets, the sum of at least

$123,617.00, plus interest, in lawful money of the United States, and the same has not been paid.

21.     As it contracted directly with the reputed owner of the Subject Property, Aztec Paving was not required to serve a written Preliminary Notice prescribed by and in accordance with the requirements of Section 3097 of the California Civil Code. However, on or about October 11, 2022, Aztec Paving served Bridlewood a written Preliminary Notice as prescribed by and in accordance with the requirements of Section 3097 of the California Civil Code.

22.     Aztec Paving caused to be recorded a Mechanic's Lien ("Lien"), on November 17, 2022, as Document Number 2022-0439890, in the Official Records of the County Recorder's Office of San Diego County, California.  A true and correct copy of the Lien is attached hereto as **Exhibit "B"** and incorporated herein by reference.  The Lien contained a statement of Aztec Paving's demands, after deducting all just credits and offsets, the names of the owners or reputed owners of the Subject Property, and the names of the persons to and for whom Aztec Paving contracted to furnish said services, labor, and materials, together with a general statement of the kind of labor done and materials furnished by it, the names of the persons by whom it was employed, and to and for whom said labor and materials were furnished, with the description of the Subject Property sought to be charged with said lien sufficient for identification.  The nature of the claim of lien was filed for record under and by virtue of the provisions of Division 3, Title 15 of the Civil Code of the State of California.

23.     Aztec Paving is informed and believes that thirty (30) days had not elapsed or expired since the recordation of a Notice of Completion of said work of improvement and/or cessation of labor thereon, and ninety (90) days had not elapsed or expired since the completion of said work of improvement or any cessation of labor thereon, and said filing of the Lien.

24.     Aztec Paving has paid the necessary charges and expenses for verifying,

acknowledging, and recording the Lien and said sum has not been paid to Aztec Paving, or any part thereof.

25. The whole of the Subject Property, upon which said work of improvement is located, is necessary and required for the convenient use and occupation thereof.

26. Defendant Bridlewood and Does 1 through 10, inclusive, have or claim to have some estate, lien, right, title, or interest in or upon the Subject Property or some part thereof, which said claim and claims, and all such claims and liens are subject, subsequent, and subordinate to the lien of Aztec Paving as aforesaid.

WHEREFORE, Aztec Paving prays judgment against Defendants, and each of them, as follows:

**As to the First, Second, and Third Causes of Action:**

1. For damages in the amount of at least $123,617.00, together with interest at the legal rate from September 23, 2022, until paid;

2. For attorneys' fees in an amount according to proof;

3. For costs of suit herein incurred; and

4. For such other and further relief as the Court deems just and proper.

**As to the Fourth Cause of Action:**

1. For judgment in the sum of at least $123,617.00 in lawful money of the United States, together with interest thereon from September 23, 2022, at the rate of 10% per annum, together with the amount paid for verifying, acknowledging, and recording said notice and claim of lien, together with Aztec Paving's costs of suit, and that all of said amount be adjudged to be a lien on the work of improvement and on the Subject Property, and that said land upon which the same is located, and herein particularly described, be adjudged and decreed to be sold by the Sheriff or Marshal for San Diego County, California, according to the law and practice of this Court and that the proceeds of the sale be applied to satisfy the costs of sale and the costs of these proceedings and Aztec Paving's claim as aforesaid;

2. That the interest, estates, or claims of the Defendants, and each of them, in, to, or upon all of the improvements in the Subject Property, and every part thereof, be adjudged and decreed to be subsequent and subject to Aztec Paving's lien as aforesaid; and that the equity of redemption of each and every one of said Defendants in and to the Subject Property, and every part thereof, be forever barred and foreclosed;

3. That Aztec Paving or any party to this action may become a purchaser at such sale;

4. For attorneys' fees in an amount according to proof;

5. For costs of suit; and

6. For such other and further relief as the Court deems just and proper.

DATED: December 21, 2022

MULVANEY BARRY BEATTY LINN & MAYERS LLP

By: _____
John A. Mayers
Attorneys for Plaintiff, AZTEC PAVING, INC.

# VERIFICATION

I, ROBERT P. FERRY, declare as follows:

I am the President of AZTEC PAVING, INC., a California corporation, Plaintiff in this action, and am authorized to make this verification for and on its behalf.

I have read the foregoing Complaint for Breach of Contract, Common Counts, and Foreclosure on Mechanic's Lien and know its contents. I am informed and believe, and on that ground allege, that the matters stated therein are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Diego, California, on December 21, 2022.

*[signature]*

ROBERT P. FERRY

**EXHIBIT "A"**

# Aztec Paving, Inc.

9045 Olive Drive
Spring Valley, CA 91977-2302
Lic.# 266210

# Invoice

| Date | Invoice # |
|---|---|
| 9/23/2022 | 9062 |

**Bill To**

Bridlewood Estates
16052 Country Day Road
Poway, CA 92064

| Job Location | PO. No. |
|---|---|
| Horizon Ct & Twisted Bran | |

| Description | Amount |
|---|---|
| Asphalt repairs, temporary stripe, and blue markers completed per contract. | 123,617.00 |

| | Total | $123,617.00 |
|---|---|---|

**EXHIBIT "B"**

| | |
|---|---|
| RECORDING REQUESTED BY<br>Aztec Paving, Inc.<br><br>AND WHEN RECORDED MAIL DOCUMENT TO:<br><br>NAME: John A. Mayers, Esq.<br>STREET ADDRESS: Mulvaney Barry Beatty Linn & Mayers LLP<br>401 West A Street, 17th Floor<br>CITY, STATE & ZIP CODE: San Diego, CA 92101-7994 | DOC# 2022-0439890<br><br>Nov 17, 2022  08:24 AM<br>OFFICIAL RECORDS<br>Ernest J. Dronenburg, Jr.,<br>SAN DIEGO COUNTY RECORDER<br>FEES: $95.00  (SB2 Atkins: $75.00)<br><br>PAGES: 3 |

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

# Mechanic's Lien

The undersigned, **Aztec Paving, Inc.** ___ referred to in this claim of lien as the claimant,
(Full name of person or firm claiming mechanic's lien)

claims a mechanics' lien for the labor, services, equipment and/or materials described below, furnished for a work of improvement upon that certain real property located in the County of **San Diego**, State of California, and described as follows:

Street Address: **Horizon Court and Twisted Branch Road, Poway, CA 92064**

Legal Description: **The entire two streets of Horizon Court and Twisted Branch Road**

After deducting all just credits and offsets, the sum of $ **143,450.00** ___, together with interest thereon at the rate of **10** percent per annum from **September 23, 2022**, is due claimant for the following labor, services, equipment and/or materials: **Paving, Breaking Down Asphalt, Reapply Asphalt, Stripes, and Markers**

The name of the person or company by whom claimant was employed, or to whom claimant furnished the labor, services, equipment and/or materials is **Barry Leonard c/o Bridlewood Estates Property Owners Association**

The name(s) and address(es) of the owner(s) or reputed owner(s) of the real property is/are:

**Bridlewood Estates Property Owners Association**

**818 Mission Avenue, Oceanside, California 92054**

Name of Claimant **Aztec Paving, Inc.**

By _____ Attorney for Claimant
(Signature of claimant)

## VERIFICATION

I, the undersigned, state: I am the **Attorney** of, **Aztec Paving, Inc.**
(Title)                              (Name of claimant)

the claimant named in the foregoing claim of mechanics' lien; I am authorized to make this verification for the claimant; I have read the foregoing claim of mechanics' lien and know the contents thereof, and the same is true to my own knowledge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **November 16, 2022**, at **San Diego**, California

**Note: Proof of Service Affidavit and Notice of Mechanic's Lien Claim must be attached.**

# NOTICE OF MECHANICS LIEN

## ATTENTION!

Upon the recording of the enclosed MECHANICS LIEN with the county recorder's office of the county where the property is located, your property is subject to the filing of a legal action seeking a court-ordered foreclosure sale of the real property on which the lien has been recorded. That legal action must be filed with the court no later than 90 days after the date the mechanics lien is recorded.

The party identified in the enclosed mechanics lien may have provided labor or materials for improvements to your property and may not have been paid for these items. You are receiving this notice because it is a required step in filing a mechanics lien foreclosure action against your property. The foreclosure action will seek a sale of your property in order to pay for unpaid labor, materials, or improvements provided to your property. This may affect your ability to borrow against, refinance, or sell the property until the mechanics lien is released.

BECAUSE THE LIEN AFFECTS YOUR PROPERTY, YOU MAY WISH TO SPEAK WITH YOUR CONTRACTOR IMMEDIATELY, OR CONTACT AN ATTORNEY, OR FOR MORE INFORMATION ON MECHANICS LIENS GO TO THE CONTRACTORS STATE LICENSE BOARD WEB SITE AT www.cslb.ca.gov.

7/1/12

## PROOF OF SERVICE AFFIDAVIT
### California Civil Code section 8416

Failure to serve the Mechanic's Lien and Notice of Mechanic's Lien on the owner, or alternatively if the owner cannot be served on the lender or direct contractor, shall cause the Mechanic's Lien to be unenforceable as a matter of law (Civil Code Section 8024(d)). Service of the Mechanic's Lien and Notice of Mechanic's Lien must be by (1) registered mail, (2) certified mail, or (3) first-class mail evidenced by a certificate of mailing, postage prepaid, and to a residence or business address for the owner, lender or contractor. Further, a Proof of Service Affidavit (below) must be completed and signed by the person serving the Mechanic's Lien and Notice of Mechanic's Lien. This page should be completed (either one of the sections below) and recorded with the County Recorder along with the Mechanic's Lien and Notice of Mechanic's Lien.

### PROOF OF SERVICE AFFIDAVIT (ON OWNER)
### California Civil Code section 8416(a)(7) and (c)(1)

I, Vanessa Rodriguez (name), declare that I served a copy of this Mechanic's Lien and Notice of Mechanic's Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the owner(s) or reputed owner(s) of the property:

Company/Person Served: Bridlewood Estates Property Owners Association
Title or capacity of person served (if appropriate): _____
Service address: 818 Mission Avenue, Oceanside, California 92054

Said service address is the owner's residence, place of business, or address showed by the building permit on file with the permitting authority for the work.

Executed on November 16, 20 22 (date) at San Diego (city), San Diego (county), California.

By: *Vanessa Rodriguez*
(Signature of person making service)

### ALTERNATE PROOF OF SERVICE AFFIDAVIT (ON LENDER OR DIRECT CONTRACTOR)
### California Civil Code Section 8416(a)(7) and (c)(2)

I, _____ (name), declare that the owner or reputed owner cannot be served with a copy of this Mechanic's Lien and Notice of Mechanic's Lien by registered mail, certified mail, or first-class mail. Pursuant to California civil Code section 8416(c)(2), I served a copy of this Mechanic's Lien and Notice of Mechanic's Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the construction lender or direct contractor as follows:

Company/Person Served: _____
Title or capacity of person served (If appropriate): _____
Service address: _____

Executed on _____, 20 _____ (date) at _____ (city), _____ (county), California.

By: _____
(Signature of person making service)